# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| **AMANDA JOHNSON,** | ) |
| *Appellant,* | ) |
| v. | ) **Case No. 25-1115** |
| **NAVY FEDERAL CREDIT UNION** | ) |
| *Appellee.* | ) |

## APPELLEE NAVY FEDERAL CREDIT UNION'S INFORMAL RESPONSE BRIEF

Pursuant to Local Rule 34(b), Appellee Navy Federal Credit Union ("Navy Federal") submits this response to Appellant-Plaintiff Amanda Johnson's Informal Brief (ECF No. 8). As explained below, the trial court's decision to dismiss Ms. Johnson's Amended Complaint with prejudice should be affirmed.

## PROCEDURAL HISTORY

1. *Pro se* Plaintiff is a member[1] of Navy Federal.

---

[1] As a federally chartered credit union, individuals who use Navy Federal products and services must be credit union members and are therefore referred to as "members" rather than customers.

1

2. On March 12, 2024, Plaintiff filed her original Complaint (Dkt. 1), which alleged a single count for violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, based on alleged racial discrimination related to her repayment of a loan with Navy Federal in March 2022. (*See* Dist. Ct. ECF No. 1 at 5, 14 of 17.)

3. On September 25, 2024, Navy Federal timely moved to dismiss the Complaint ("Initial Motion to Dismiss"). (Dist. Ct. ECF No. 12.)

4. Plaintiff did not timely file an opposition to the Initial Motion to Dismiss.

5. On October 25, 2024, the District Court held a hearing on the Initial Motion to Dismiss, during which Counsel for Navy Federal and *pro se* Plaintiff appeared. (Dist. Ct. ECF No. 22). After Counsel for Navy Federal briefly presented its argument, Ms. Johnson informed the District Court that she wished to submit an Amended Complaint, which she claimed, she had previously attempted to file with the clerk's office. The Court accepted the pleading and announced that he considered the Motion to Dismiss to be moot.

6. On October 28, 2024, the District Court entered an Order formally granting Ms. Johnson leave to file the Amended Complaint presented at the hearing and denying the Initial Motion to Dismiss as moot. (Dist. Ct. ECF No. 21.)

7. In the Amended Complaint, Ms. Johnson indicated her continued intention to assert a single claim against Navy Federal under the ECOA. (*See* Dist. Ct. ECF No. 19 at 9 of 16 (referring to "plaintiff's single claim under the ECOA").)

8. On November 4, 2024, Ms. Johnson filed another document with the District Court labeled, "LIABILLITY OF FINANCIAL INSTITUTION 15 USCA – 1693h." (Dist. Ct. ECF No. 24.) As best as could be discerned, this filing was an attempt to assert a second claim against Navy Federal under the Electronic Funds Transfer Act (EFTA). Ms. Johnson did not seek leave to further amend prior to filing this document.

9. Navy Federal filed a Second Motion to Dismiss on November 12, 2024, seeking dismissal of both claims. (Dist. Ct. ECF No. 25.) In the motion, Navy Federal sought dismissal of the ECOA claim for two independent reasons: (i) the Plaintiff did not allege discrimination

3

in connection with an application for credit; and (ii) the Plaintiff did not allege any factual allegations that would plausibly suggest she was subjected to discrimination in the credit application process based on her race. Navy Federal also sought dismissal of the EFTA claim on the grounds that it was filed without leave of the Court and barred by the statute of limitations.

10. Ms. Johnson did not timely respond to the Second Motion to Dismiss. Instead, on December 10, 2024, a week after her response was due, Ms. Johnson filed a request "to have extra time to respond please." (Dist. Ct. ECF No. 32.)

11. The District Court granted Ms. Johnson's request, giving her until January 6, 2025, to respond to the Second Motion to Dismiss. (Dist. Ct. ECF No. 33.)

12. Despite the extension, Ms. Johnson still did not respond to the Second Motion to Dismiss.

13. On January 27, 2025, the District Court entered an Order granting the Second Motion to Dismiss. (Dist. Ct. ECF No. 43.) The Court held that the ECOA claim failed because Ms. Johnson's claim arose out of the payment of an existing loan, not a loan application. (*Id.* at 4.)

4

The Court also held that the EFTA claim was barred by the one-year statute of limitations. (*Id.*)

14. Plaintiff timely noted her appeal. (Dist. Ct. ECF No. 44.)

15. On February 6, 2025, this Court issued its Informal Briefing Order, requiring Ms. Johnson to file a brief by March 3, 2025. (ECF No. 2.)

16. A week after that deadline, on March 10, 2025, Ms. Johnson filed her Informal Brief. (ECF No. 8.) As part of her brief, Ms. Johnson curiously signed and forwarded a "Declaration of Inmate Filing." (*Id.* at 1.) Contrary to that form, Ms. Johnson is not, in fact, an inmate confined in an institution. (*See* Dist. Ct. ECF No. 22 (noting that Ms. Johnson appeared at Initial Motion to Dismiss hearing in person); ECF No. 8 at 9 of 28 (stating that Ms. Johnson was at an airport to fly to Virginia to attend the hearing on the Second Motion to Dismiss before its cancellation).)

## ARGUMENT

### A. The Trial Court Was Correct to Dismiss Plaintiff's Claims.

Plaintiff's primary claim in her initial Complaint was an allegation that she was mistreated by Navy Federal in connection with her

5

March 2022 repayment of an existing loan. (Dist. Ct. ECF No. 1 at 7 of 17.) Plaintiff did not change this allegation in her Amended Complaint. The District Court dismissed the ECOA claim because the statute only applies to discrimination in the context of an *application* for new credit, not in the servicing of an existing loan. (Dist. Ct. ECF No. 43 at 3-4.)

The District Court's holding was undoubtedly correct. *See, e.g.,* 15 U.S.C. § 1691(a) ("[i]t shall be unlawful for any creditor to discriminate against any *applicant*...." (emphasis added); *Kalisz v. Bank of Am., N.A.*, 2018 WL 4356768, at *2 (E.D. Va. 2018) (citing *Gorham-DiMaggio v. Countrywide Home Loans, Inc.,* 592 F. Supp. 2d 283, 291 (N.D.N.Y. 2008), *aff'd*, 421 F. App'x 97 (2d Cir. 2011)); *Fralish v. Bank of Am., N.A.,* 2021 WL 4453735, at *2 (N.D. Ind. 2021); *Stefanowicz v. SunTrust Mortg.*, 2017 WL 1103183, at *8 (M.D. Pa. 2017), *adopted*, 2017 WL 1079163 (M.D. Pa. 2017), *aff'd on other grounds*, 765 F. App'x 766 (3d Cir. 2019).

Additionally, although the trial court did not rule on the issue, it could have dismissed the ECOA claim for the alternative reason that Plaintiff's Amended Complaint failed to allege specific facts that *plausibly* suggest denial of credit <u>due to</u> any of plaintiff's protected

6

characteristics. *See, e.g., Sakyi v. Nationstar Mortg., LLC*, 2018 WL 4568604, at *2 (E.D. Va. 2018) ("Plaintiff fails to plausibly allege facts to suggest that he was denied credit on the basis of his protected class"), *aff'd*, 770 F. App'x 113 (4th Cir. 2019); *Peek v. SunTrust Mortg., Inc.*, 2017 WL 3258729, at *3 (E.D. Va. 2017), *aff'd*, 693 F. App'x 231 (4th Cir. 2017). Plaintiff's only allegations of discrimination in her complaints were conclusory assertions, without any factual support for those assertions.

Regarding the EFTA claim, the District Court found that any such claim was barred by the applicable statute of limitations. (Dist. Ct. ECF No. 43 at 4.) Again, the court was undoubtedly correct as: (i) the EFTA has a one-year limitations period (15 U.S.C. § 1693m(h)); (ii) the challenged transfer took place in March 2022; and (iii) Plaintiff initiated her lawsuit over two years later in November 2024.

Additionally, while not ruled upon, the District Court could have also dismissed this claim on procedural grounds. Plaintiff did not seek leave from the court, nor did she obtain consent from Navy Federal to add the EFTA claim to the case. *See* Fed. R. Civ. Proc. 15(a)(2). Therefore, the District Court could also have ruled that the EFTA claim was never properly before the trial court. *See Angles v. Dollar Tree*

7

*Stores, Inc.*, 494 F. App'x 326, 329 (4th Cir. 2012) ("Failing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect.") (quoting *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir.2003)).

Because the District Court correctly dismissed Plaintiff's claims, its ruling should be affirmed.

**B.     Plaintiff Has Forfeited Her Appeal.**

This Court has consistently held that because review of is limited to the issues raised in an informal brief (4th Cir. R. 34(b)), a plaintiff has "forfeited appellate review" when an "informal brief does not challenge the basis for the district court's disposition." *E.g., U.S. v. Mendiola,* No. 24-7050, 2025 WL 817165, at *1 (4th Cir. Mar. 14, 2025); *Blevins v. Vidal,* No. 24-1777, 2025 WL 671470, at *1 (4th Cir. Mar. 3, 2025); *Anderson v. Novant Health*, No. 24-6260, 2025 WL 602765, at *1 (4th Cir. Feb. 25, 2025).

In this matter, Plaintiff's Informal Brief <u>fails</u> to challenge any of the District Court's decisional bases for its dismissal of her claims, including that (i) the ECOA statute only governs applicants—not the servicing of

8

loans; (ii) the premise of Plaintiff's claims revolves around her payoff of an existing loan; (iii) the EFTA has a one-year statute of limitations; and (iv) that Plaintiff's initial Complaint was filed more than a year after the challenged electronic transfer in March 2022.

Consequently, Plaintiff's appeal should be deemed forfeited, and the District Court's order affirmed.

C.  **Plaintiff's Attacks on the Trial Judge are Unfounded.**

Although Plaintiff's Informal Brief is organized into seven issues, there does not appear to be any coherence among the labeled issues. Rather, each "issue" seems to be a stream of consciousness complaint regarding Judge Hilton that often repeats complaints made earlier.

As best as can be discerned, Plaintiff's main concern with Judge Hilton relates to an accusation that the Judge engaged in *ex parte* communications with Counsel for Navy Federal. (ECF No. 8 at 2, 4, 5, 9.) Plaintiff does not provide any evidence in the record to support this accusation, nor does she specify any details on when, where, or what the alleged *ex parte* communication entailed. The complete absence of any details to support this allegation is not surprising because no such improper communication took place. Counsel's only interactions with the

9

trial court judge took place in open court at the hearing on the Initial Motion to Dismiss, which Plaintiff attended. Plaintiff's accusations to the contrary are baseless.

Plaintiff also alleges that Judge Hilton discriminated against her on the basis of "race, color, marital status, national origin, sex, and protected characteristics" and claims the Judge of having "felonious and malice desire to do evil" (ECF No. 8 at 3, 4, 6 and 8; *see also id.* at 5 (accusing Judge Hilton of being an "elderly white oppressor").) Once again, there is absolutely no factual basis in the record (or otherwise) to substantiate this accusation.

Additionally, Plaintiff criticizes Judge Hilton's handling of hearings. For example, Plaintiff writes:

> The district court only held one nanosecond hearing that the plaintiff was allowed to speak at on 10/25/2024. At the very beginning the district court made accommodation for the defendant counsel for his deliberately stretched out speech for a duration. In other words, allowing him to express or argue his case first, be-littering plaintiff. The plaintiff was exposed to the court personal violent brutalization and the suffering of pain and embarrassment.

(ECF No. 8 at 3 *see also id.*at 11.) Contrary to the assertion, the October 25, 2024 hearing lasted 12 minutes, and may have gone longer if

10

the Court had not ruled in *Plaintiff's favor* by accepting her surprise Amended Complaint, which he then ruled mooted Navy Federal's Initial Motion to Dismiss. (*See* ECF No. 22.) While Plaintiff is correct that Navy Federal presented first at the hearing, this is standard protocol, given that Navy Federal was the movant. Plaintiff's assertion that she was subject to "personal violent brutalization" by the Judge is completely unfounded.

Plaintiff also complains that the District Court canceled scheduled hearings. (*See id.*at 3 and 9.) Of course, a District Court has the right to decide motions on the papers without an oral hearing. *See* Fed. R. Civ. Proc. 78(b); E.D. Va. Local Rule 7(J). There is nothing inappropriate by the court having done so in this case.

Plaintiff further criticizes Judge Hilton's explanation of the facts pled in her pleadings. For example, Plaintiff states:

> Judge Hilton purposefully altered the plaintiff evidence that she submitted with her original complaint and willfully suppressed at the nanosecond hearings.

> Keisha did not overpay the plaintiff loan because the plaintiff had totally and complete access to her checking account while Keisha was in the process of the transaction. As the judge has purposely and intentionally lied for his specific purpose against the plaintiff to continues his deplorable mission.

11

> During, after, and ongoing the transaction after and the payment was made and posted on March 17, 2022. Where is Hilton supporting evidence or argument.[2]

(ECF No. 8 at 11.)

Because Plaintiff does not provide citations to either the dismissal Order or her Amended Complaint, it is unclear what she is criticizing or on which specific allegations in the Amended Complaint she is relying. Moreover, *even if* she could demonstrate some sort of misinterpretation of her allegations in her pleadings by the District Court, it does not appear that this would alter the court's conclusions that (i) Plaintiff could not state a claim under ECOA because she was not an applicant in March 2022, and (ii) Plaintiff could not state an EFTA claim because more than one year had passed between March 2022 and the time she filed her initial Complaint.

In summary, Plaintiff has not raised a legitimate basis for reversal of the District Court's decision.

---

[2] These two paragraphs are further indented because Plaintiff indented the paragraphs in her Informal Brief. Although these indentations give the impression that Plaintiff is block quoting something, as best as can be discerned, she is not. Unfortunately, this appears consistent with other portions of the Informal Brief, which has phrases with quote marks that do not appear to be legitimate quotations.

## **CONCLUSION**

For the reasons stated above, the District Court's decision to dismiss Plaintiff's claims should be affirmed.

Dated: March 20, 2025

Respectfully submitted,

 /s/ Micah E. Ticatch
Edward Lee Isler
Micah E. Ticatch
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
eisler@islerdare.com
mticatch@islerdare.com
*Counsel for Appellee*
*Navy Federal Credit Union*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March 2025, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system and will also serve the foregoing upon the following by first class mail:

>Amanda Johnson
>208 Pecan Drive
>Brewton, AL 36126
>Escambia59@gmail.com
>*Pro se Plaintiff*

>    /s/ Micah E. Ticatch
>Micah E. Ticatch
>ISLER DARE, P.C.
>1945 Old Gallows Road, Suite 650
>Vienna, Virginia 22182
>(703) 748-2690
>(703) 748-2695 (fax)
>mticatch@islerdare.com
>
>*Counsel for Appellee*
>*Navy Federal Credit Union*

14